

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **METRO RIVERBOAT.** <br> **ASSOCIATES, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 99-2660** <br> **c/w 00-0353** |
| **BALLY'S LOUISIANA, INC.,** <br> **ET AL.** | **SECTION "K"(1)** |

### TRANSFER ORDER

This court was apprised by all parties in this proceeding that there is a proceeding involving some of the issues related to this RICO action in the United States District Court for the Northern District of Illinois before the Honorable Judge Blanche M. Manning. That case is captioned *Bally's Intermediate Casino Holdings, Inc. v. Metro Riverboat Associates, Inc.*, civil action number 98-6829.

This court spoke with Judge Manning and was provided copies of the docket sheet, the verified complaint, and the answer and counterclaim filed in the Illinois proceeding,. The Illinois proceeding is the first-filed case. Pursuant to Fifth Circuit precedent, if the court with the second-filed case determines that there is a substantial overlap between the two suits, the second-filed case should be transferred to the court where the case was first filed. The transferee court will then determine whether it will hear the second-filed case, whether the transferror court

DATE OF ENTRY

APR 2 0 2000



should hear both cases, or whether the second-filed case should be transferred back and stayed pending resolution of the first-filed case.

Although the issues in the two suits do not completely overlap, there is a substantial overlap of very significant issues including the validity of the note and/or guaranty, which is one of the underpinnings of RICO suit and the primary thrust of the Illinois suit. Additionally, the issue as to whether Belle, L.L.C. and related entities is unlawfully conducting a gambling business in Louisiana is a critical part of both suits. There are other issues that are factually intertwined and overlap, as well.

This court has heard oral argument on defendants' 12(b)(6) Motions to Dismiss the consolidated RICO cases. The court is concerned about potential issues of collateral estoppel and issue preclusion in the event it renders a decision on the 12(b)(6) motions. Therefore, considering the clear guidance set forth in *Save Power Ltd.* and *Cadle*[1] to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result,

**IT IS ORDERED** that civil action number 99-2660 c/w civil action number 00-353 be transferred to the United States District Court for the Northern District of Illinois.

New Orleans, Louisiana, this 19th day of April, 2000.

    STANWOOD R. DUVAL, JR.
    UNITED STATES DISTRICT JUDGE

---

[1] *Save Power Ltd. v. Syntec Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) and *The Cadle Company v. Whataburger of Alice, Inc.*, 174 F.3d 599 (5th Cir. 1999)